IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT CHARLES LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 23-1160-CFC |
| | ) |
| TAJ D. SHORTER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Robert Charles Lewis, Deptford, New Jersey – *Pro Se* Plaintiff

February 18, 2025
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

## I. INTRODUCTION

On October 16, 2023, Plaintiff Robert Charles Lewis filed this civil action. (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## II. BACKGROUND

The Complaint alleges that this action raises a claim under the Constitution, law, or treaties of the United States. (D.I. 2 at 3.) The civil cover sheet submitted with the Complaint indicates that the case presents a personal injury-medical malpractice claim. (D.I. 2-3.) According to the Complaint, between October 13, 2023, and October 14, 2023, Plaintiff, then a resident of Delaware, was wrongfully discharged from Wilmington Hospital in Wilmington, Delaware, by Defendant Taj D. Shorter, M.D, also a resident of Delaware. (D.I. 2 at 4.) The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

On October 13, 2023, Plaintiff arrived at the Wilmington Hospital emergency room, where he was examined and "guaranteed an admission for many days to receive proper care." (*Id.*) The next day, Defendant, alongside other hospital staff

1

members, a social worker, and a physical therapist, decided that the appropriate placement for Plaintiff was Elkton Nursing and Rehabilitation Center, even though they knew that Plaintiff had filed a lawsuit against the Center. (*Id.* at 4-5.) Defendant told Plaintiff that Plaintiff could either go to the Center or leave the hospital, and then Defendant proceeded to "discharge [Plaintiff] against [his] will for refusing to go to the [Center]." (*Id.* at 5.)

According to the Complaint, Plaintiff sustained injuries from the wrongful discharge, which included the infection of a pressure wound, hypothermia, a glucose level elevated to 350, and extreme pain to two fractured vertebrae that rendered Plaintiff barely able to move. (*Id.* at 7.) As a result of these injuries, Plaintiff was subsequently hospitalized at St. Francis Hospital in Wilmington, Delaware. (*Id.*) Based on the foregoing, Plaintiff seeks money damages in the amount of $500,000.00 and additional "punitive damages to be decided by a jury." (*Id.*)

### III. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma*

*pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

3

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Although the Complaint indicates that this case presents a federal question (*see* D.I. 2 at 3), the civil cover sheet indicates that the nature of the suit is personal injury-medical malpractice (*see* D.I. 2-3), which arises from Delaware state law. *See, e.g.,* Del. Code 18 § 6802 ("The Superior Court of the State shall have exclusive jurisdiction of civil actions alleging health care medical negligence."). Employing the less stringent standard afforded to *pro se* litigants, *see Erickson*, 551 U.S. at 94, the Court cannot discern from the allegations in the Complaint, without more, a basis for additional federal claims, *see* 28 U.S.C. § 1331.

Plaintiff does not allege diversity jurisdiction, and the allegations in the Complaint do not establish diversity jurisdiction. Diversity jurisdiction exists when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the suit is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Yet according to the Complaint, both Plaintiff and Defendant were residents of Delaware at the time of the incident alleged and at the time the Complaint was filed. (*See* D.I. 2 at 4.) The Court thus concludes that the Complaint solely raises a question of Delaware state law, arising from events in Delaware, involving parties who are Delaware residents. This Court's subject matter jurisdiction is therefore lacking, and dismissal of the Complaint is appropriate.

Furthermore, as a factual matter, the allegations in the Complaint fail to indicate that Plaintiff's discharge from Wilmington Hospital was either negligent or otherwise based on improper consideration. *See* D.I. 2. The facts alleged suggest that Defendant, several other hospital staff members, a social worker, and a physical therapist determined that placement at Elkton Nursing and Rehabilitation Center was appropriate for Plaintiff after overnight observation, but Plaintiff refused treatment. (D.I. 2 at 5.) The Court cannot credit Plaintiff's assertions and legal conclusions against Defendant without facts alleged to support them. *See Iqbal*, 556 U.S. 662;

*Twombly*, 550 U.S. 544. As such, the Court also finds that the Complaint fails to state a claim against Defendant upon which relief can be granted.

## V.   CONCLUSION

For the above reasons, the Court will dismiss the Complaint, and an appropriate Order will be entered.